# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Edward P. McKenzie, Respondent.

Appellate Case No. 2019-000368

Opinion No. 27888
Submitted April 25, 2019 – Filed May 15, 2019

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Edward P. McKenzie, of St. Thomas, Virgin Islands, *pro se*.

**PER CURIAM:** By order of the Supreme Court of New Jersey dated December 6, 2018, Respondent was suspended from the practice of law in that state for one year. *In re McKenzie*, 198 A.3d 933 (N.J. 2018). At the time of his New Jersey suspension, Respondent was licensed in South Carolina, but administratively suspended for failing to pay his license fees.[1]

According to the New Jersey order, Respondent entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), in the Superior Court of the Virgin Islands to one count of compounding a crime in violation of Virgin Islands law. The New Jersey Supreme Court found Respondent's conduct violated New Jersey Rules of Professional Conduct 8.4(b) (commission of a criminal act that reflects adversely

---

[1] On April 11, 2003, this Court administratively suspended Respondent based on his failure to pay his 2003 license fees as required by Rule 410, SCACR. S.C. Sup. Ct. Order dated Apr. 11, 2003 (Shearouse Adv. Sh. No. 13). Respondent did not seek reinstatement following his administrative suspension.

on a lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). New Jersey's Rule 8.4(b) is identical to South Carolina's Rule 8.4(b), RPC, Rule 407, SCACR, and its Rule 8.4(c) is identical to South Carolina's Rule 8.4(d), RPC, Rule 407, SCACR.

Respondent failed to notify the Commission on Lawyer Conduct (the Commission) in writing of his suspension in New Jersey as required by Rule 29(a), RLDE, Rule 413, SCACR. This Court, the Commission, and the Office of Disciplinary Counsel were made aware of Respondent's New Jersey suspension by a letter from the Clerk of the Supreme Court of New Jersey. Thereafter, pursuant to Rule 29(b), RLDE, Rule 413, SCACR, Respondent was notified via a certified letter from this Court's Clerk that he had thirty days to inform the Court of any claim that the imposition of identical discipline in South Carolina was not warranted and the reason for any such claim. The Court did not receive a response from Respondent to the Clerk's letter, which was sent to the address provided by Respondent in the Attorney Information System. The letter was returned to the Clerk unopened with the word "Refused" written on the outside of the envelope under Respondent's address.

Because we find a sufficient attempt was made to serve Respondent with Rule 29(b), RLDE, Rule 413, SCACR, notice, and none of the factors in Rule 29(d), Rule 413, SCACR, preventing the imposition of identical discipline are present in this matter, we hereby reciprocally suspend Respondent from the practice of law in South Carolina for one year from the date of this opinion. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Edward P. McKenzie, Respondent.

Appellate Case No. 2019-000368

---

Opinion No. 27888
Submitted April 25, 2019 – Filed May 15, 2019

---

## DEFINITE SUSPENSION

---

John S. Nichols, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Edward P. McKenzie, of St. Thomas, Virgin Islands, *pro se*.

---

**PER CURIAM:** By order of the Supreme Court of New Jersey dated December 6, 2018, Respondent was suspended from the practice of law in that state for one year. *In re McKenzie*, 198 A.3d 933 (N.J. 2018). At the time of his New Jersey suspension, Respondent was licensed in South Carolina, but administratively suspended for failing to pay his license fees.[1]

According to the New Jersey order, Respondent entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), in the Superior Court of the Virgin Islands to one count of compounding a crime in violation of Virgin Islands law. The New Jersey Supreme Court found Respondent's conduct violated New Jersey Rules of Professional Conduct 8.4(b) (commission of a criminal act that reflects adversely

---

[1] On April 11, 2003, this Court administratively suspended Respondent based on his failure to pay his 2003 license fees as required by Rule 410, SCACR. S.C. Sup. Ct. Order dated Apr. 11, 2003 (Shearouse Adv. Sh. No. 13). Respondent did not seek reinstatement following his administrative suspension.

on a lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). New Jersey's Rule 8.4(b) is identical to South Carolina's Rule 8.4(b), RPC, Rule 407, SCACR, and its Rule 8.4(c) is identical to South Carolina's Rule 8.4(d), RPC, Rule 407, SCACR.

Respondent failed to notify the Commission on Lawyer Conduct (the Commission) in writing of his suspension in New Jersey as required by Rule 29(a), RLDE, Rule 413, SCACR. This Court, the Commission, and the Office of Disciplinary Counsel were made aware of Respondent's New Jersey suspension by a letter from the Clerk of the Supreme Court of New Jersey. Thereafter, pursuant to Rule 29(b), RLDE, Rule 413, SCACR, Respondent was notified via a certified letter from this Court's Clerk that he had thirty days to inform the Court of any claim that the imposition of identical discipline in South Carolina was not warranted and the reason for any such claim. The Court did not receive a response from Respondent to the Clerk's letter, which was sent to the address provided by Respondent in the Attorney Information System. The letter was returned to the Clerk unopened with the word "Refused" written on the outside of the envelope under Respondent's address.

Because we find a sufficient attempt was made to serve Respondent with Rule 29(b), RLDE, Rule 413, SCACR, notice, and none of the factors in Rule 29(d), Rule 413, SCACR, preventing the imposition of identical discipline are present in this matter, we hereby reciprocally suspend Respondent from the practice of law in South Carolina for one year from the date of this opinion. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.


**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

In the Matter of

Edward P. McKenzie,

An Attorney At Law

(Attorney No. 019811982)

FILED

DEC 06 2018

*Heather J Baker*
CLERK

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 18-032, concluding that as a matter of final discipline pursuant to Rule 1:20-13(c), **Edward P. McKenzie** of St. Thomas, Virgin Islands, who was admitted to the bar of this State in 1983, should be suspended from the practice of law based on respondent's plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) in the Superior Court of the Virgin Islands to one count of compounding a crime, in violation of 14 Virgin Islands Code, §521(a)(3), conduct that in New Jersey constitutes violating RPC 8.4(b)(commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer) and RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Court having determined from its review of the matter that a one-year prospective term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **Edward P. McKenzie** is suspended from the practice of law for a period of one year, effective January 4, 2019; and until

the further Order of the Court; and it is further

ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 3rd day of December, 2018.

CLERK OF THE SUPREME COURT